## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE
### Docket No.: 1:06-CR-56

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AARON CHAPMAN, | ) | INCORPORATED MEMORANDUM OF LAW |
| Defendant, | ) | |

INTRODUCTION

18 U.S.C. §3583(e)(1) states that a court may, after consideration, terminate a period of supervised release after at least one year of the supervised release has been served if it is satisfied that such an action is warranted by a defendant's conduct and the interests of justice—such language, encoded in the aforementioned statute, clearly recognizes that, under certain circumstances, the interests of justice are best served by early termination of a defendant's period of supervised release. In other words, courts may suspend probationary periods if such periods no longer serve a purpose. See U.S. v. Gaensel, 952 F.2d 408 (9th Cir. 1991).

I

Mr. Aaron Chapman presents just such a case—the conditions of his probation no longer serve a probationary purpose. Mr. Chapman made prompt and diligent efforts to address the special conditions of his probation and, as a result, has already completed such conditions. Mr. Chapman has now completed a significant portion of his supervised release, has been and is still fully compliant with all conditions of his supervised release, and has utilized his Relapse and Prevention Plan to create numerous safeguards in his personal and professional life to avoid any risk of reoffending. Moreover, Mr. Chapman complied with the requests of probation to submit

to a polygraph examination—Mr. Chapman submitted to and passed all four polygraph examinations administered.

Mr. Chapman's actions, therefore, have fully addressed the purposes for which his probation was imposed.  According to 18 U.S.C. §3583(e), the factors to consider in whether an early termination of a supervised release should be granted are as follows: (1) the nature and circumstances of the offense committed, (2) the history and characteristics of the defendant, (3) the adequacy of the deterrent effect, (4) the adequacy of the protection provided to the public, (5) the adequacy of the education, vocation, and medical needs of the defendant, (6) the types of sentences and ranges of said sentences established for similar crimes, (7) the need to comply with any pertinent policy statements, (8) the need to avoid unwarranted sentencing disparities, and (9) the need to provide restitution, if any.

For example, in Shafer and Ranni v. U.S, a couple pleaded guilty to an information charging them with involvement in several bank robberies and, as a result, were sentenced to a supervised release period in which they could not have contact with one another. No. 03-cr-90-GZS (Dist. of Maine, Sept. 30, 2008). There, Shafer moved, and Ranni moved for leave to join Shafer's motion, for a modification of the imposed supervised release so the couple could have contact and get married. Id. The Court ultimately denied both Shafer and Ranni's motion, stating there were concerns with their association creating risks of mutually destructive behavior. Id. However, the Court went on to state the "defendants may renew their motions at a later date" and that "once Defendants commence their terms of supervised release, the Court is certainly willing to consider modifying or removing the additional condition depending on the status of each Defendant's rehabilitation." Id. In other words, Shafer and Ranni had not yet begun their

supervised release and, therefore, the Court allowed for both defendants to move at a later date when each defendant's rehabilitative progress was clearer.

Here, like in <u>Shafer and Ranni v. U.S.</u>, it is appropriate to consider the state of Mr. Chapman's rehabilitative progress—Mr. Chapman completed all of his special conditions early, has served a substantial portion of his supervised release, and has taken additional steps to minimize any risk of reoffending. Furthermore, Mr. Chapman has made significant progress as a contributing member of his local community—Mr. Chapman owns and operates a successful telemarketing business with numerous employees and contracts in Central Maine. In addition, Mr. Chapman has voluntarily submitted to four polygraphs at the request of his probation, all of which he passed.

## II

In consideration of the relevant factors raised in 18 U.S.C. §3583(e), Mr. Chapman is a prime candidate for a modification of his supervised release. Mr. Chapman did commit a serious offense, however the nature and circumstances of the offense are also important to consider— Mr. Chapman himself was the victim of sexual abuse when he was a child. Despite such a difficult childhood, though, the above-referenced matter is Mr. Chapman's only criminal offense. In other words, Mr. Chapman's criminal history is completely devoid of any other criminal charge. Given Mr. Chapman's limited exposure to the criminal justice system, this encounter has greatly frightened and embarrassed Mr. Chapman and caused him to take immediate and numerous steps to rectify his conduct and to put in place safety mechanisms to significantly reduce any risk of reoffending. In fact, Mr. Chapman even opened and now operates a successful call center, thus limiting his exposure to the public. Finally, Mr. Chapman has already served a very significant portion of his supervised release so a modification to reduce Mr. Chapman's

supervised release period should not create an unwarranted sentencing disparity, especially considering the state of Mr. Chapman's rehabilitation.

Conclusion

Therefore, Mr. Chapman's probation no longer serves its probationary purpose and, accordingly, respectfully requests this Court for an early termination of and discharge from his supervised release.

## CERTIFICATE OF SERVICE

I, Scott E. Gurney, Esq., being duly sworn, deposes and say that I am the attorney for Defendant in said cause and that on 7th day of August 2014, I made service of the foregoing motion upon the State by delivering a copy by first class U.S. mail, postage prepaid to James Moore, AUSA, United State Attorney's Office, 202 Harlow Street, Bangor, Maine 04401 and Mitchell Oswald, US Probation Officer, 202 Harlow Street, Rm 21000, Bangor, Maine 04401.

Dated: August 7, 2014

Scott E. Gurney, Esq., Bar No. 4323
Attorney for Defendant
11 Park Street
Waterville, ME 04901