UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06-cr-00056-JAW |
| | ) | |
| AARON J. CHAPMAN | ) | |

**ORDER DENYING DEFENDANT'S
MOTION FOR EARLY TERMINATION**

On August 31, 2006, Aaron J. Chapman waived indictment and pleaded guilty to an information, alleging that he distributed child pornography in violation of 18 U.S.C. § 2252A(a)(2). *Waiver of Indictment* (ECF No. 1); *Information* (ECF No. 2); *Minute Entry* (ECF No. 8). On July 2, 2007, the Court sentenced Mr. Chapman to 60 months in prison, five years of supervised release, a fine of $2,500, and a special assessment of $100. *Minute Entry* (ECF No. 23); *J.* (ECF No. 24).

On August 7, 2014, Mr. Chapman filed a motion for early termination of supervised release. *Mot. for Early Termination of Fed. Probation* (ECF No. 31). In support of the request, Mr. Chapman filed a memorandum of law, a ten-page insight letter to self, a letter from Jeremy Bilodeau, his business partner, and a detailed Relapse Prevention Plan. *Id*. Attachs, 1-4.

The Probation Office objected to the request for early release. The PO agreed that Mr. Chapman has had no violations of the terms of his supervised release, has maintained stable housing, participated in sex offender treatment, and has not tested positive for illegal drugs. Although recognizing Mr. Chapman's positive effort to date

on supervised release, the PO objected to early termination based on the nature of the offense and based on the PO's need to monitor his progress in the recently started aftercare portion of his sex offender treatment program.  The PO commented that early termination might be in order once Mr. Chapman has successfully completed an extended period of aftercare.

The standard by which a request for early termination is evaluated is whether the petitioner has satisfied the court that "such action is warranted by the conduct of the defendant released" and is in "the interest of justice."  18 U.S.C. § 3583(e)(1).  The term of supervised release is imposed to serve "the twin purposes of protecting the public from future crimes and encouraging Defendants' rehabilitation."  *United States v. Shafer*, No. 03-cr-90-GZS, 2008 U.S. Dist. LEXIS 98446 at *3 (D. Me. Sept. 30, 1998).  According to the docket, Mr. Chapman began his supervised release on January 7, 2011, which means he has been on supervised release for about 3 years and 8 months, leaving only 1 year and 4 months remaining on his 5 year term of supervised release.  Although Mr. Chapman presents a strong case for his compliance with the terms of supervised release—the rehabilitative aspect of supervised release, he has not adequately addressed why discontinuing supervised release would be in "the interest of justice."  ."  18 U.S.C. § 3583(e)(1).  Supervised release in a child sex offense case is first aimed at making certain that the defendant understands the serious nature of his crime and what led him to commit it.  Next, the conditions of supervised release typically require a defendant to obtain counseling to gain this

insight and to provide the defendant with the tools to avoid reoffending. It appears that Mr. Chapman is well on his way to achieving these rehabilitative goals.

However, there is another, overriding issue: protection of the public, specifically children, from future crimes. The images of child pornography that Mr. Chapman sought out, downloaded, and distributed were of adult males having sexual relations with very young girls, some as young as about seven years old. *Gov't's Proposed Facts and Version of Offense* (ECF No. 6). Furthermore, Mr. Chapman did not merely download these disturbing images, he collected and distributed them. The worry is that the females who were the object of Mr. Chapman's sexual interest were so young that they would be unable properly to protect themselves.

In response to Mr. Chapman's motion, the Court reviewed the currently applicable conditions of supervised release. The Court did not impose the mandatory drug testing condition. *J.* at 3. It did require him to register as a sex offender; however, the state and federal statutory registration requirements make this condition redundant. *See* 34-A M.R.S. § 11203(6)(B); 17-A M.R.S. §§ 283-84; 42 U.S.C. § 16913; *United States v. Thompson*, 431 Fed. Appx. 2, 3 (1st Cir. 2011). Other conditions include participating in sex offender treatment, monitoring of his computer use, and maintaining contact with his supervisory officer. On January 11, 2011, the Court approved a modification of the computer use term of his supervised release to allow for internet access with the proviso that his computer would be monitored. *Order Granting Pet. to Modify Supervised Release Conditions* (ECF No. 29). Although the computer and supervisory officer monitoring impose some

3

restrictions on Mr. Chapman, given his recognition of the need for ongoing treatment, it would seem that he would comply with many of the remaining provisions regardless of whether he is on supervised release.

With this said, the Court understands that supervised release is part of his sentence and to remain under supervised release restricts Mr. Chapman's freedom. In this case, the Court balances the incremental intrusion of these supervised release conditions on Mr. Chapman's life against the inherent risk of the conduct underlying his conviction. In making this assessment, the Court focuses on the vulnerability of the potential victims, and strikes its judgment in favor of the potential victims. Accordingly, the Court will not terminate Mr. Chapman's term of supervised release early. Despite this ruling, the Court recalls Mr. Chapman and is impressed by his degree of self-insight, his work ethic, the support of his friends and family, and the Court remains very encouraged by his continuing progress.

The Court DENIES Aaron Chapman's Motion for Early Termination of Federal Probation (ECF No. 31).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2014